UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :    **MEMORANDUM & ORDER**
        v.                                                  :    23-CR-338 (WFK)
                                                            :
MESSIAH ORTIZ,                                              :
                                                            :
                        Defendant.                          :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 14, 2024, Messiah Ortiz ("Defendant") pled guilty to the sole count of the Indictment, charging him with being a Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Plea Agreement ¶ 1, ECF No. 38; *see generally* Indictment, ECF No. 16. The Court now sentences Defendant and provides a complete statement of reasons, under 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to 121 months' custody to run consecutive to any term of imprisonment imposed in relation to Defendant's pending Violation of Supervised Release ("VOSR") charge; two years' supervised release with the standard and special conditions of supervision; and a $100.00 mandatory special assessment.

## I.     Background

On July 24, 2022, Defendant and co-defendant Dajour Weston entered Alpha Restaurant and Lounge in Astoria, Queens. Sealed PSR ¶ 4. While inside, Defendant and Weston began arguing with another person ("Individual-1"). *Id.* As the argument escalated, Defendant left the lounge to retrieve a gun from his car. *Id.* ¶ 5.

When Defendant returned, the crowd had moved outside, at which point Defendant handed the gun to Weston. Gov't Sent'g Mem. at 3. On the corner of 41st Street, Weston drew his gun and aimed it at Individual-1, who also had a gun. Sealed PSR ¶ 6. Individual-1 fired a single shot, hitting Weston. Gov't Sent'g Mem. at 5. Individual-1 then turned and fled. *Id.*

After Weston was shot, Defendant took the gun from Weston and ran after Individual-1, firing approximately eight shots in Individual-1's direction. *Id.* Defendant's shots hit two parked

1

vehicles and narrowly missed a passing car. *Id.* at 6. Afterwards, Defendant ran to his car and fled the area. *Id.* The shooting was captured by multiple video cameras. Gov't Sent'g Mem. at 2.

New York Police Department ("NYPD") officers collected nine rounds of ammunition from the scene, comprising (1) eight .9mm Federal Cartridge Company casings, and (2) one .380 caliber Federal Cartridge Company casing. *Id.*

*Procedural History*

On July 27, 2022, NYPD detectives issued an investigation card for Defendant for Attempted Criminally Negligent Homicide. Sealed PSR ¶ 7. Defendant evaded law enforcement until February 6, 2023, when he was arrested in Los Angeles County, California. *Id.* He was extradited to Queens County Supreme Court and subsequently remanded to federal custody. *Id.*

On August 22, 2023, a grand jury returned a single-count Indictment against Defendant. Indictment, ECF No. 16. On March 14, 2024, Defendant pled guilty to the sole count of the Indictment, charging him with being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Plea Agreement ¶ 1, ECF No. 38. Pursuant to the plea agreement, Defendant agreed not to file an appeal or otherwise challenge his sentence if the Court imposed a term of imprisonment of 33 months or below. *Id.* ¶ 4.

## II.    Legal Standard

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court

the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III.    Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

3

### 1.    *Family and Personal Background*

Defendant was born on July 13, 1996, in New York, New York.  Sealed PSR ¶ 40.

Defendant's father is a retired porter for the New York City Housing Authority and his mother

works as a booth clerk with the New York City Metropolitan Transportation Authority.  *Id.*

Defendant has four siblings, all of whom live in New York.  *Id.* ¶ 41.  Defendant maintains close

relationships with his parents and siblings, who are aware of the instant offense and supportive of

him.  *Id.* ¶¶ 40–41.

Defendant grew up in a low-income household free of abuse.  *Id.* ¶ 42.  Defendant's

neighborhood was filled with violence and drug use, but his parents tried to deter him from those

negative influences.  *Id.*  At age fifteen, Defendant was hit by a stray bullet in his neighborhood

while attending a basketball game, which greatly traumatized him.  *Id.*

Defendant is unmarried and has no children.  *Id.* ¶ 44.  Prior to his arrest for the instant

offense, Defendant lived with his ex-girlfriend.  *Id.* ¶ 45.

### 2.    *Educational and Employment History*

Defendant attended Frederick Douglass Academy High School in New York, New York,

from 2010 to 2013.  *Id.* ¶ 58.  He was suspended multiple times for fighting and did not graduate.

*Id.*  In 2016, Defendant received his high school equivalency diploma from the New York State

Education Department.  *Id.* ¶ 57.  Defendant attended Boricua College from 2018 to 2019 until

he was sentenced for a prior federal conviction.  *Id.* ¶ 56.

Defendant has never held consistent employment.  *Id.* ¶ 63.  In 2015, he worked as a

laborer for JV Trucking and Rigging.  *Id.* ¶ 61.  In 2021, Defendant worked for his brother's

clothing brand until he was arrested for the instant offense.  *Id.* ¶ 60.

4

Defendant has not held any work assignments at the Metropolitan Detention Center ("MDC"). *Id.* ¶ 46. He has completed thirteen educational courses while incarcerated. *Id.*

### 3.  *Prior Convictions*

Defendant has several prior convictions. In 2016, Defendant was convicted of (1) Unlawful Possession of Marijuana, and (2) Criminal Possession of Marijuana in the 4th Degree. *Id.* ¶¶ 25–26. In 2017, he was convicted of Attempted Criminal Possession of a Weapon in the 2nd Degree. *Id.* ¶ 27. Defendant belonged to one of two allied Harlem street gangs, which sought to assert control over the territory by acquiring illegal firearms and ammunition and engaging in retaliatory violence. *Id.* Such violence included beating, and attempting to kill, rival gang and housing-development members. *Id.*

In 2018, Defendant was convicted of Conspiracy to Commit Bank Fraud. *Id.* ¶ 28. Defendant and his co-conspirators stole the personal information of bank account holders and used fraudulent debit cards to withdraw money from their accounts. *Id.* Defendant was accountable for $79,995.00 in total loss. *Id.* Defendant was serving a term of supervised release for this conviction in the Southern District of New York when he committed the instant offense. *Id.*

### 4.  *Physical and Mental Health*

Defendant had asthma as a child but reports he has grown out of it. *Id.* ¶ 48. At age 15, Defendant was shot in the left leg while attending a basketball game. *Id.* Doctors removed the bullet, but Defendant still experiences numbness in his leg. *Id.* Defendant attended five therapeutic counseling sessions following his injury. *Id.* ¶ 50. He was not diagnosed with a mental health condition but believes he has post-traumatic stress disorder. *Id.* He has no reported history of mental or emotional health conditions. *Id.* ¶ 51.

    5.     *Substance Abuse*

Defendant began using marijuana at age 15 and drinking alcohol at age 17. *Id.* ¶ 52–53. Defendant reports he is a social drinker. *Id.* The Presentence Investigation Report from Defendant's prior federal offense states he was referred to an outpatient substance abuse treatment facility in 2019. *Id.* ¶ 55.

    6.     *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's conduct. Defendant attempted to murder someone by opening fire in a crowded residential neighborhood, risking the lives of innocent bystanders. Defendant also committed the instant offense while on supervised release, demonstrating a total lack of respect for the judicial system. The Court's sentence will deter Defendant and others from engaging in similar conduct, justly punish Defendant for his crimes, and protect the public from Defendant's actions. Accordingly, the Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

6

## C.  The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant.  18 U.S.C. § 3553(a)(3).  Defendant pled guilty to one count of being a Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  Plea Agreement ¶ 1.

Defendant faces a maximum term of fifteen years' imprisonment and no minimum term. 18 U.S.C. § 924(a)(8).  Defendant also faces a maximum term of three years' supervised release. 18 U.S.C. § 3583(b)(2).  If a condition of release is violated, Defendant may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision.  18 U.S.C. §§ 3583(b), (e).  Defendant is eligible for a term of probation of one to five years. 18 U.S.C. § 3561(c)(1).  In the absence of extraordinary circumstances, the Court must impose one of the following as a condition of probation: a fine, restitution, or period of community service.  18 U.S.C. § 3563(a)(2).

In addition to facing terms of imprisonment and supervised release, Defendant faces other penalties.  Defendant faces a maximum fine of $250,000.00, which he appears unable to pay.  18 U.S.C. § 3571(b); Sealed PSR ¶ 67.  The Government may seek forfeiture in accordance with 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c); *see also* Indictment ¶ 2.  The Court is required to impose a mandatory special assessment of $100.00 per count pursuant to 18 U.S.C. § 3013(a)(2)(A).

## D.  The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

7

The applicable Guideline for Felon in Possession of Ammunition is U.S.S.G. §2K2.1. U.S.S.G. §2K2.1 directs the Court to apply U.S.S.G. §2X1.1 if: (1) Defendant used any firearm or ammunition in connection with the attempted commission of another offense; and (2) the resulting offense level is greater. Pursuant to §2X1.1(c), "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guidelines section, apply that guideline section."

The applicable guideline for Assault with Intent to Commit Murder; Attempted Murder is U.S.S.G. §2A2.1. That section provides a base offense level of 33 if the object of the offense would have constituted first degree murder.

All parties agree certain reductions to the total offense level apply, including a two-level reduction under U.S.S.G. §3E1.1 (Acceptance of Responsibility) and a one-level reduction under U.S.S.G. §3E1.1(b) (timely notice to the Government of Defendant's intention to enter a guilty plea). Plea Agreement ¶ 2.

Probation recommends a sentence of 121 months' imprisonment to run consecutive to any term of imprisonment imposed in relation to the pending VOSR charge in the Southern District of New York; followed by two years' supervised release; and a $100.00 mandatory special assessment. Sealed Revised Prob. Sent'g Rec. at 1, ECF No. 45-1. The Government recommends a sentence of 121 months' imprisonment. Gov't Sent'g Mem. at 15. Defense counsel recommends a sentence within the Guidelines range of 24–30 months' imprisonment as calculated in the Plea Agreement. Def. Sent'g Mem. at 1. This Court appreciates the sentencing arguments raised by all parties and has considered each in turn.

**E. Pertinent Policy Statement(s) of the Sentencing Commission**

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

The parties have not drawn the Court's attention to any applicable policy statements. Finding none on its own, the Court proceeds to the next § 3553(a) factor.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The parties have not raised arguments regarding unwarranted sentencing disparities in this case. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case.

### IV.    Conclusion

For the reasons set forth above, the Court sentences Defendant to 121 months' custody to run consecutive to any term of imprisonment imposed in relation to Defendant's pending VOSR charge; two years' supervised release with the standard and special conditions of supervision; and a $100.00 mandatory special assessment. This sentence is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's apparent inability to pay. The Court does not excuse Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d). The Court advises Defendant he may appeal the decision, order, and judgment in his case within fourteen (14) days from entry.

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and Addendum thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

**SO ORDERED.**

**s/ WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 8, 2025
       Brooklyn, New York